# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEFFREY GARRISON, NEXT FRIEND**
**AND PARENT OF J.L.G.,**

        **Plaintiff,**

v.                                **Case No:  6:13-cv-1580-Orl-28GJK**

**CATHY LOYD, SEMINOLE COUNTY**
**BOARD OF EDUCATION, ENDEAVOR**
**SCHOOL, STAFF MEMBERS,**

        **Defendants.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PRISONER CONSENT FORM AND FINANCIAL CERTIFICATE (Doc. No. 2)** |
| **FILED:** | **October 11, 2013** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, but the case be stayed and administratively closed for forty-five (45) days in order to provide Mr. Garrison an opportunity to obtain counsel for J.L.G. and have counsel file a notice of appearance.

On October 11, 2013, pursuant to 42 U.S.C. § 1983, Jeffrey Garrison filed a *pro se* complaint on behalf of his developmentally disabled minor child, J.L.G., against Cathy Loyd, Seminole County Board of Education, the Endeavor School, and unnamed members of Endeavor School's staff (collectively, the "Defendants").  Doc. No. 1.  Mr. Garrison is attempting, pro se, to assert claims on behalf of J.L.G.  Doc. No. 1.  The gravamen of the complaint is that the Defendants have violated J.L.G.'s constitutional rights by failing to protect J.L.G. from

continued harassment, bullying, and intimidation, as well as verbal and physical attacks at school. Doc. No. 1 at 8-12. Mr. Garrison seeks injunctive relief as well as compensatory and punitive damages. Doc. No. 1 at 12.

On October 11, 2013, Mr. Garrison, who is currently incarcerated at Columbia Correctional Institute, filed a motion to proceed in forma pauperis (the "Motion"). Doc. No. 2. The undersigned has reviewed Mr. Garrison's prisoner Trust Fund Account (Doc. No. 2 at 3-4), and he is clearly a pauper entitled to proceed in forma pauperis. Accordingly, it is recommended that the Motion (Doc. No. 2) be **GRANTED**.

In the Eleventh Circuit, although a parent is authorized to bring suit on behalf of a minor child, a non-lawyer parent may not appear *pro se* and represent the interests of a minor child. *See Devine v. Indian River Cnty. Sch. Bd*., 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds*, *Winkelman v. Parma City Sch. Dist*., 550 U.S. 516 (2007). *See also Franklin v. Garden State Life Insurance*, 462 Fed.Appx. 928, 930 (11th Cir. Mar. 22, 2012) (unpublished) (although 28 U.S.C. § 1654 permits parties to personally conduct their own cases, a non-lawyer may not represent the interest of others, including their minor children). Accordingly, although Mr. Garrison may file suit on J.L.G.'s behalf, he may not represent J.L.G.'s interests *pro se*. *Id*.

If this Court were to dismiss the case based upon Mr. Garrison's lack of standing to represent J.L.G.'s interests, then J.L.G. may be time barred asserting claims against the Defendants. Accordingly, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 2);

2. Direct Mr. Garrison to, **within forty-five (45) days from the Court's order**, retain counsel to represent J.L.G.'s interests in this action and have counsel file a notice of appearance. Warn Mr. Garrison that failure to comply with the Court's

order and have counsel file a notice of appearance in the time provided may result in the case being dismissed; and

3. **STAY** the case until further order of the Court;

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on November 18, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy